IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:11CR3058 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| TODD HOBBS, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the revised presentence investigation report and addendum, and the defendant's objection and variance motion, in this case.

IT IS ORDERED that:

(1)    The undersigned will consult and follow the Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220(2005) and subsequent cases.   *See*, *e.g.*,  *Gall v. U.S.*, --- S.Ct. ----, 2007 WL 4292116 (2007).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines such weight as they deserve within the context of each individual case and will filter the Guidelines' general advice through §3553(a)'s list of factors[1]; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-<u>Booker</u> departure theory; and (f) in cases where a departure using pre-<u>Booker</u> departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.[2]

2.A.   The defendant's objection to criminal history (filing no. 52) will be resolved at sentencing.

---

[1]However, I will no longer give the Guidelines "substantial weight."

[2]*See* note 1.

2.B.    The defendant's variance motion (filing no. 55) will be resolved at sentencing.[3] That said, and for a variety of reasons, I doubt that I will grant the motion. The record conclusively proves that the defendant has a serious and long standing problem with alcohol as evidenced by his violation of the conditions of release. (E.g., filing nos. 36, 37, 38 and 44.) That persistent problem coupled with the defendant's long standing addiction to child pornography as shown by, among other things, his unsuccessful attempt to stop the collection of this unlawful material (see paragraph 20 of the presentence report) and the defendant's criminal history (see paragraphs 43-52 of the presentence report) suggest that the public needs to be protected from the defendant. Furthermore, the very experienced probation officer's analysis (see paragraph 92 of the presentence report) tends to confirm my initial thought that specific as well as general deterrence warrants a sentence of 108 months, the low end of the Guidelines (assuming the criminal history is accurate). Furthermore, I am not much moved by Judge Bataillon's analysis as set forth at page 6 of the defendant's well written brief assuming that analysis is accurately described in the brief. Still further, the cases cited by the defendant that I handled are materially different than this one.[4] In short, I will listen and remain open minded, but candor requires me to say that I am skeptical.

(3)    Except to the extent (if at all) that I have sustained an objection or granted a motion or reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4)    If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the

---

[3]I note the probation officer's observation that other offenders like the defendant typically receive shorter sentences than 108 months in the District of Nebraska. (Last sentence of paragraph 92 of the presentence report.) If that is so, questions of unwarranted sentencing disparity should be considered by me. Furthermore, I will want to consider the reports of Dr. Bertinetti and Dr. Scalora. Those reports have not been provided to me even though defense counsel relies upon them in the brief.

[4]For example, a comparison of the presentence reports in this case with the presentence report in *United States v. Kuca*, 4:10CR3038, evidences several significant differences between the two offenders.

court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5)     Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6)     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

April 13, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

-3-